IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JARED WALL,<br><br>                 Plaintiff,<br>v.<br><br>TANNER CLINIC., et al.,<br><br>                 Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 1:16-cv-046<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. 636 (b)(1)(B) from Judge Dee Benson.[1] Pending before the Court are Defendants' Motions to Dismiss,[2] Defendant Jason Kirkham's Motion to Strike,[3] and Defendant Kirkham's Motion for Sanctions.[4] As set forth below the undersigned recommends that this matter be dismissed.

Plaintiff Jared Wall, who is acting *pro se*, brings this case against Defendants "because of their complete disregard and medical malpractice . . . ."[5] In sum, Mr. Wall alleges the Defendants failed to provide adequate medical care. Mr. Wall alleges this Court has jurisdiction based upon a federal question.[6] Mr. Wall, however, cites to no federal statute or Constitutional provision in his Complaint. On the Civil Cover Sheet Plaintiff also notes that the citizenship of all parties in this action is the state of Utah.[7]

---

[1] Docket no. 8.

[2] Docket no. 4, docket no. 6.

[3] Docket no. 11.

[4] Docket no. 14.

[5] Complaint p. 1, docket no. 3.

[6] Cover sheet, docket no. 3-2.

[7] *See id.*

Defendants move to dismiss this action under Federal Rule 12(b)(1) arguing the Court lacks subject matter jurisdiction. In addition Defendants point to the prior state court action Plaintiff previously brought on these same allegations and the subsequent dismissal.

The undersigned agrees with Defendants jurisdictional arguments. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."[8] The burden of establishing such jurisdiction is on the party asserting it.[9] Here, that burden is on Mr. Wall and he fails to meet this burden. The Court has carefully read Mr. Wall's Complaint and there is no basis for federal question jurisdiction[10] or diversity jurisdiction.[11] Therefore the Court must dismiss this action.[12]

Additionally, Mr. Wall fails to offer any substantive response to Defendants jurisdictional arguments. Plaintiffs broad references to due process, the 5th and 14th Amendments in the U.S. Constitution and the Utah Constitution's 6th Amendment are insufficient and do not establish subject matter jurisdiction.

Finally, the undersigned declines to recommend the remaining motions be granted, including the motion for sanctions. While the Court agrees that Plaintiff's Complaint appears frivolous, it declines to enter sanctions at this time. This does not, however, preclude sanctions in the future should Mr. Wall continue to file actions that lack merit.

---

[8] *Kokkonen v. Guardian Life Ins.. Co. of America*, 511 U.S. 375, 377 (1994).

[9] *See id.*

[10] *See* 28 U.S.C. § 1331.

[11] *See* 28 U.S.C. § 1332.

[12] *See* Fed. R. Civ. P. 12(h)(3).

RECOMMENDATION

For the reasons set forth above the undersigned RECOMMENDS that Defendants Motions to Dismiss be GRANTED.  The remaining motions should be DENIED or DEEMED MOOT.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object.  Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court.[13]  Any objection must be filed within this deadline.  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 18 January 2017.

*Brooke C. Wells* (signature)

Brooke C. Wells
United States Magistrate Judge

---

[13] *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72.